**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**SHAWN HENDERSON,**

     **Plaintiff,**

**vs.**                                                      **CASE NO. 1:08CV108-MP/AK**

**LORD OF THE RINGS,**

     **Defendant.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff, who is incarcerated at Pendleton Correctional Facility in Pendleton,

Indiana, has filed a complaint against the Lord of the Rings (no address provided)

asserting no claims, but seeking a long list of "relief" from the Court such as $100

million dollars in pure gold, $100 million dollars in diamonds, the entire states of

Indiana, Florida, Utah, Tennessee, the release from prisons of Muslims and so forth.

(Doc. 1). No motion to proceed IFP was filed nor was the filing fee paid.

The Supreme Court in Neitzke v. Williams, 490 U.S. 319, 109 S. Ct. 1827, 1833,

104 L. Ed. 2d 338 (1989) recognized that a district court could *sua sponte* dismiss a

case filed *in forma pauperis* (pursuant 28 U.S.C. § 1915(d)) if it was satisfied that the

action was frivolous or malicious.[1] Neitzke recognized two types of cases which may be

dismissed, *sua sponte*. In the first class are "claim(s) based on an indisputably

_____

[1] 28 U.S.C. § 1915(d) was redesignated § 1915(e) by the Prison Litigation
Reform Act.

meritless legal theory," and in the second class are "those claims whose factual contentions are clearly baseless." *Id.* Within the former are those cases in which it is either readily apparent that a complaint lacks an arguable basis in law or that defendants are clearly entitled to immunity from suit. Within the latter are those cases describing scenarios clearly removed from reality. Sultenfuss v. Snow, 894 F.2d 1277 (11th Cir. 1990)(citing Neitzke).

Upon receiving a complaint with allegations equally as vague and bizarre as those presented within the case at bar, the district court in the Southern District of New York held that "[a] plaintiff asserting fantastic or delusional claims should not, by payment of a filing fee, obtain a license to consume limited judicial resources and put defendants to effort and expense." Tyler v. Carter, 151 F.R.D. 537, 540 (S.D.N.Y. 1993), *affirmed* 41 F.3d 1500 (2nd Cir. 1994).

> The policies arguing against sua sponte Rule 12(b)(6) dismissals do not
> apply in these circumstances. The author of claims as irrational as these
> cannot be regarded as subject to the economic incentive to refrain from
> frivolous actions imposed by filing fees and court costs upon rational
> paying litigants. . . . If this Court cannot order sua sponte dismissal of this
> complaint under Rule 12(b)(6), no district court can ever dismiss sua
> sponte any complaint under the Rule. I do not think that is the law.

Tyler, 151 F.R.D. at 540.

Plaintiff in the case at bar has presented no real allegations against no real defendant and is seeking relief not available to him. Plaintiff has not filed the appropriate motion to proceed, paid the filing fee, nor provided the inmate account information necessary to assess his eligibility to proceed IFP. Given the complete lack of legal basis for this lawsuit, the undersigned is of the opinion that neither the clerks

**No. 1:08cv108-MP/AK**

office nor chambers staff should be put to the effort of seeking these additional
documents, and there is no reason to permit Plaintiff to file an amended complaint. The
complaint is simply frivolous. Therefore, summary dismissal of this action is appropriate
pursuant to 28 U.S.C. §1915A(b), which allows for dismissal by the Court upon initial
review of the complaint when it finds that it is frivolous.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's
complaint, doc. 1, be **DISMISSED** as frivolous.

**IN CHAMBERS** at Gainesville, Florida, this 22 day of May, 2008.

**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and
recommendations within 15 days after being served with a copy of this report and
recommendation. A party may respond to another party's objections within 10 days after
being served with a copy thereof. Failure to file specific objections limits the scope of
review of proposed factual findings and recommendations.

**No. 1:08cv108-MP/AK**